UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ~~99-3458~~-CIV-LENARD
*02-20261*

MAZEN AL NAJJAR,

Petitioner,

vs.

JOHN ASHCROFT, Attorney General, United
States Department of Justice, *et al.*,

Respondents.

_____/



# EXHIBIT 3: DECEMBER 6, 2000, IJ ORDER

TO

SUPPLEMENTAL COMPLAINT AND RENEWED PETITION FOR HABEAS CORPUS

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BRADENTON, FLORIDA

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| AL NAJJAR, Mazen, | ) | IN CUSTODY REDETERMINATION |
| | ) | PROCEEDINGS |
| A# 26-599-077, | ) | |
| | ) | |
| Respondent. | ) | Date:   November 29, 2000 |
| | ) | |

On Behalf of Respondent:
David Cole, Esq.
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, D.C. 20001

On Behalf of the Service:
Daniel Vara, Jr., Esq.
District Counsel, INS
7880 Biscayne Boulevard
Miami, Florida 33138

DECISION AND ORDER OF THE IMMIGRATION JUDGE

**L    Phase Two Procedures**

Upon a request by the Service, the Court conducted an in camera and ex parte hearing.  See October 27, 2000 IJ Order, at 54 ¶1 (IJ Order); see also OPPM 98-10 at 11.  The Court provided notice to Respondent prior to and following the presentation of classified evidence.  See IJ Order, at 54 ¶2, 55 ¶10; see also OPPM 98-10 at 12.  The Court did not advise Respondent of the identity of the agency or witness providing classified information, nor the date and time of such presentation.  See IJ Order, at 54 ¶3; see also OPPM 98-10 at 12.  The Court recorded all proceedings.  See IJ Order, at 54 ¶4; see also Al-Najjar v. Reno, 97 F.Supp.2d 1329, 1359 (S.D. Fla. 2000); July 27, 2000 IJ Order, at 5; OPPM 98-10 at 10.  The Court reviewed the classified evidence.  See IJ Order, at 55 ¶5; see also Al-Najjar, 97 F.Supp.2d at 1348, 1358 - 59; July 27, 2000 IJ Order, at 4; OPPM 98-10

at 11. The classified materials were placed in the record according to the appropriate procedures. See IJ Order, at 55 ¶6; see also OPPM 98-10 at 11. The Court also reviewed the Unclassified Summary and the Unclassified Extract of the classified information presented by the Service. See IJ Order, at 55 ¶8; see also Al-Najjar, 97 F.Supp.2d at 1359; Kiareldeen v. Reno, 71 F.Supp.2d 402, 404 (D.N.J. 1999).

## II. Analysis

### A. Bond

A bond redetermination hearing is ordinarily beyond the jurisdiction of the Immigration Judge once a deportation order becomes final. See 8 C.F.R. §236.1(d)(1). Nevertheless, this Court retains jurisdiction in the instant case as the redetermination of Respondent's custody status by the Immigration Court has been ordered, as a matter of constitutional remedy, by the District Court. See Al-Najjar, 97 F.Supp.2d at 1357; see also Al-Najjar v. Reno, --- F.Supp.2d --- (S.D. Fla. July 25, 2000).

### B. Sufficiency of the Unclassified Summary

It is well-settled that the Immigration Court lacks jurisdiction to adjudicate constitutional issues. See Matter of C-, 20 I&N Dec. 529, 532 (BIA 1992); see also Matter of Valdovinos, 18 I&N Dec. 343, 345 (BIA 1982); Matter of Cortez, 16 I&N Dec. 289, 292 (BIA 1977); Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir. 1985); Dastmalchi v. INS, 660 F.2d 880, 886 (3rd Cir. 1981). However, having determined that this Court and the Board of Immigration Appeals violated Respondent's right to procedural due process, the District Court ordered that this Court afford Respondent "the opportunity for his application to be considered...in a fundamentally fair manner on remand." Al-Najjar, 97 F.Supp.2d at 1357.

As instructed by the District Court, in "conducting a proceeding involving the presentation of classified information," this Court "must...'properly balance [Respondent's] procedural due process rights and the government's interests in national security and the fair and efficient administration of the immigration laws." Al-Najjar, --- F.Supp.2d --- at 6 (S.D. Fla. September 12, 2000) (citing Al-Najjar, 97 F.Supp.2d at 1358 - 59).

In this Court's consideration of the evidence presented at the in camera and ex parte hearing, this Court balanced the interests of the parties, as enumerated by the District Court. See Al-Najjar, --- F.Supp.2d --- at 6 (S.D. Fla. September 12, 2000); see also Al-Najjar, 97 F.Supp.2d at 1358 - 59; IJ Order, at 55 ¶9. The Service presented a one-page "Unclassified Summary" and a sixteen-page "Unclassified Extract." As with the unclassified summary in the first bond redetermination proceeding, the one-page unclassified summary submitted by the Service in the present bond redetermination proceeding is insufficient to provide Respondent with notice of the information underlying a determination that he is a threat to national security. See Al-Najjar, 97 F.Supp.2d at 1355. The unclassified summary states conclusions regarding the Palestinian Islamic Jihad (PIJ) and Respondent's role in the organization. The unclassified summary fails to provide Respondent with "notice of the evidence against him and a meaningful opportunity to defend against that evidence." See Al-Najjar, 97 F.Supp.2d at 1354. Similarly, the "Unclassified Extract," which indicates where classified information has been redacted, contains no new or additional information.

C.   Conclusion on the Sufficiency of the Unclassified Summary

This Court recognizes that the Service's decision not to disclose further information may be wholly warranted. However, under the guidelines set forth by the District Court, this Court must strike the proper balance between Respondent's due process rights and the Service's interests. See

Al-Najjar, --- F.Supp.2d --- at 6 (S.D. Fla. September 12, 2000); see also Al-Najjar,97 F.Supp.2d at 1358 - 59; IJ Order, at 55 ¶9. In doing so, this Court finds that the "Unclassified Summary" and the "Unclassified Extract" presented by the Service in this case fails to provide Respondent with "notice of the evidence against him and a meaningful opportunity to defend against that evidence." See Al-Najjar, 97 F.Supp.2d at 1354.

Insofar as this Court has determined that the unclassified summary does not afford Respondent "access to the decisive evidence to the fullest extent possible, without jeopardizing legitimately raised national security interests," it need not rule on the reliability, relevance, and admissibility of the classified information. See IJ Order, at 55 - 56 ¶ ¶7, 12.

D.     Bond Amount

In determining the necessity for and the amount of bond, such factors as a stable employment history, the length of residence in the community, the existence of family ties, a record of nonappearance at court proceedings, manner of entry, and previous criminal or immigration law violations may be considered. See Matter of Andrade, 19 I&N Dec. 488, 489 (BIA 1987); see also Matter of Patel, 15 I&N Dec. 666, 666-67 (BIA 1976); Matter of San Martin, 15 I&N Dec. 167, 168-69 (BIA 1974); Matter of Moise, 12 I&N Dec. 102, 104-05 (BIA 1967).

In the instant case, Respondent has offered numerous favorable factors to be considered in determining bond. The Court favorably considers Respondent's solid family ties, length of time in the community, strong community ties, and leadership in the community.[1]

However, there are numerous negative factors the Court considers in determining bond in

---

[1] See June 23, 1997 IJ Order, at 5 ¶IV.

Respondent's case. Respondent is an alien who has been ordered deported from the United States and has a standing order of deportation against him. He has been unlawfully present in the United States since the expiration of his visa. During his time in the United States, Respondent entered into a marriage of a questionable nature that may have been for the purpose to obtain immigration benefits. In addition, he may have participated in voter fraud. Also, although Respondent submitted evidence of stable employment, it was unlawful without the required work authorization. Moreover, the evidence indicates that Respondent failed to appear at his June 4, 1986 deportation hearing. Finally, Respondent's testimony during the remand bond redetermination proceedings was often non-responsive and inconsistent, thereby negatively affecting his credibility.

The Court finds that Respondent is eligible to be released on bond. However, the Service has presented sufficient evidence to establish that a reasonable bond is necessary to ensure that Respondent is present at any future hearings, or to ensure that he presents himself to the Service in order to execute an order of deportation.

For the aforementioned reasons, the bond is set in the amount of eight-thousand dollars ($8000).

In light of the foregoing, the following orders shall enter:

## ORDERS

IT IS HEREBY ORDERED that the case is terminated.

IT IS HEREBY FURTHER ORDERED that bond is set in the amount of eight-thousand dollars ($8000).

IT IS HEREBY FURTHER ORDERED that Respondent shall be released from custody immediately upon posting bond.

Dated this 29th day of November, 2000.

Honorable R. Kevin McHugh
UNITED STATES IMMIGRATION JUDGE

RKM/ad